UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS WASHINGTON,

       Petitioner,

                               CASE NO. 2:12-CV-12148
v.                          JUDGE LAWRENCE P. ZATKOFF
                               MAGISTRATE JUDGE PAUL J. KOMIVES

BONITA HOFFNER,

       Respondent.[1]

                               /

## REPORT AND RECOMMENDATION

*Table of Contents*

I.    RECOMMENDATION ................................................................. 2
II.   REPORT ................................................................................. 2
     A.    *Procedural History* .............................................................. 2
     B.    *Factual Background Underlying Petitioner's Conviction* .............................. 4
     C.    *Standard of Review* .............................................................. 5
     D.    *Sufficiency of Evidence* ......................................................... 8
     E.    *Ineffective Assistance of Counsel* ............................................... 12
     F.    *Recommendation Regarding Certificate of Appealability* ........................... 16
         1.    *Legal Standard* ............................................................. 16
         2.    *Analysis* ................................................................... 18
     G.    *Conclusion* ..................................................................... 19
III.  NOTICE TO PARTIES REGARDING OBJECTIONS: ............................................ 19

---

[1] By order entered this date, Bonita Hoffner has been substituted in place of Mitchell Perry as the proper respondent in this action.

I.      RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus and should deny petitioner a certificate of appealability.

II.     REPORT:

A.      *Procedural History*

1.      Petitioner Thomas Washington is a state prisoner, currently confined at the Lakeland Correctional Facility in Coldwater, Michigan.

2.      On July 12, 2006, petitioner was convicted of two counts of assault with intent to commit murder, MICH. COMP. LAWS § 750.83; one count of possession of a firearm by a felon (felon-in-possession), MICH. COMP. LAWS § 750.224f; and possession of a firearm during the commission of a felony (felony-firearm), MICH. COMP. LAWS § 750.227b, following a jury trial in the Wayne County Circuit Court. On July 31, 2006, he was sentenced to concurrent terms of life in prison for the assault-with-intent-to-murder convictions, 40-60 months in prison for the felon-in-possession conviction, and a consecutive sentence of two years in prison for the felony-firearm conviction.

3.      Petitioner appealed as of right to the Michigan Court of Appeals raising, through counsel, the following claims:

> I. There was insufficient evidence to support defendant's assault with intent to murder convictions.
>
> II. Defendant's life sentences for assault with intent to murder are departures above his guidelines range of 126 to 211 months without adequate support and so are an abuse of discretion.

The court of appeals found no merit to petitioner's first claim, and affirmed his convictions. *See People v. Washington*, No. 284249, 2009 WL 1883968, at *1 (Mich. Ct. App. June 30, 2009) (per curiam). However, the court of appeals also concluded that the trial judge improperly departed above

the sentencing guidelines without adequate support on petitioner's assault with intent to murder convictions and remanded the case for re-sentencing before a different judge. *Id.* at *3. At re-sentencing, the court sentenced petitioner to 210 months to 40 years in prison on those convictions.

4. Petitioner, proceeding *pro se*, sought leave to appeal in the Michigan Supreme Court, raising only his sentencing claim. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Washington*, 485 Mich. 996, 775 N.W.2d 143 (2009).

5. On September 13, 2010, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.508, raising the following claims:

> I. Relief must be granted where the evidence was constitutionally insufficient to support the convictions for assault with intent to murder in this case, thus denying petitioner due process under the federal constitutional guarantee to a jury determination of guilt beyond a reasonable doubt based on sufficient evidence.
>
> II. Cause is established in this case where appellate counsel failed to inform Mr. Washington that he was required to raise his insufficiency of evidence claim, which was from his direct appeal, in the Michigan Supreme Court via his second appeal of right.
>
> III. Defendant was denied his fourteenth amendment due process right to a full and fair hearing where the trial court refused to hold a (Ginther) hearing on his non-record claim of ineffective assistance of appellate counsel, as mandated by state and federal law.

On January 11, 2011, the trial court denied petitioner's motion for relief from judgment, concluding that the Michigan Court of Appeals had already addressed petitioner's sufficiency of evidence argument. Further, it found that petitioner's claim of ineffective assistance of appellate counsel was without merit, as counsel may winnow out weaker arguments. *People v. Washington*, No. 06-002560-01, Order (Wayne County Cir. Ct. Jan. 11, 2011). The Michigan Court of Appeals and Michigan Supreme Court then denied petitioner's applications for leave to appeal in standard orders. *See People v. Washington*, 490 Mich. 972, 806 N.W.2d 322 (2011); *People v. Washington*, No.

303622 (Mich. Ct. App. August 16, 2011).

      6.      Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on May 14, 2012. As grounds for the writ of habeas corpus, he raises three claims: (1) there was insufficient evidence that he intended to kill the police officers he shot at; (2) appellate counsel failed to inform him that he was required to raise his insufficiency of evidence claim in his pro se appeal to the Michigan Supreme Court; and (3) he was denied his fourteenth amendment right to a full and fair hearing where the trial court refused to hold a (Ginther) hearing on his non-record claim of ineffective assistance of appellate counsel.

      7.      Respondent filed her answer on January 22, 2012. She contends that all of petitioner's claims are without merit.

B.     *Factual Background Underlying Petitioner's Conviction*

      1.      The parties agree to the following statement of facts. Detroit police officers spotted a vehicle traveling at a high rate of speed. Petitioner was one of two people inside the vehicle. When the police began following the vehicle, it accelerated, drove into a neighborhood, and parked. The vehicle's two occupants then jumped out and ran. Petitioner jumped over a fence, and one of the pursuing officers heard three gunshots fired. The officer looked up after hearing the shots and saw petitioner with his back turned toward him, holding his hands up, looking at a second officer sitting in the police car. The first officer then took cover alongside a garage and heard additional gunshots. He then heard more gunshots, which came from petitioner's direction. The first officer subsequently ran behind a house. As he was running, three or four more shots were fired. The last shot fired hit the corner of the house just inches from the officer's head. A police investigator who asked petitioner why he shot at the police officer testified that petitioner replied, "I thought it was some

guys that were trying to kill me." *See People v. Washington*, No. 272989, 2007 WL 4179318, at *1 (Mich. Ct. App. Nov. 27, 2007).

    2.    As related above in paragraph 3 (*supra*, pages 2-3), on July 16, 2006, petitioner was convicted of two counts of assault with intent to commit murder, one count of felony possession of a firearm, and one count of felony firearm. He was sentenced by the trial judge to concurrent terms of life in prison on the assault with intent to commit murder convictions, 40-60 months in prison on the felony in possession of a firearm conviction, and two years in prison for the felony firearm conviction. On direct appeal, the Michigan Court of Appeals affirmed petitioner's convictions, but remanded for resentencing before a different judge. The Court of Appeals stated that the trial judge used factors that were not objective and verifiable in order to warrant an upward departure from the sentencing guidelines. *See People v. Washington*, No. 272989, 2007 WL 4179318, at *3 (Mich. Ct. App. Nov. 27, 2007). At resentencing, petitioner was resentenced to 210 months to 40 years in prison on his assault with intent to commit murder convictions.

C.    *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

>of the United States; or
>>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409. As the Supreme Court has explained, the standard for relief under § 2254(d) "is difficult to meet, [and] that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). As the Court explained, "[s]ection 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id.* (quoting

*Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in the judgment)). Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786-87.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412). The relevant "clearly established law" is the law that existed at the time of the last state court decision to issue a reasoned decision on the claim, *see Greene v. Fisher*, 132 S. Ct. 38, 44-45 (2011), and in evaluating the reasonableness of that decision a federal habeas court is limited to the record that was before the state court at the time of its decision, *see Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-99 (2011).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts

7

them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.   *Sufficiency of Evidence*

1.   Petitioner's first habeas claim is that there was insufficient evidence to support a guilty verdict because there was no "direct" evidence to support the conclusion that he shot at the officers with the intent to kill. He contends that it is "conceivable" that a fair-minded person could believe his claim that he was afraid and just shot out of fear.

2.   The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charge. *In Re Winship*, 397 U.S. 358, 364 (1970). Under the pre-AEDPA standard for habeas review of sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis original). Reviewing courts must view the evidence, draw inferences and resolve conflicting inferences from the record in favor of the prosecution. "[I]t is the responsibility of the jury-not the court-to decide what conclusions should be drawn from the evidence admitted at trial." *Cavazos v. Smith*, 565 U.S. 1, __, 132 S. Ct. 2, 4 (2011) (per curiam). The *Jackson* standard "leaves juries broad discretion in deciding what inferences to draw from the

8

evidence presented at trail, requiring only that jurors 'draw reasonable inferences from basic facts to ultimate facts.'" *Coleman v. Johnson*, 132 S. Ct. 2060, 2064 (2012) (per curiam) (quoting *Jackson*, 443 U.S. at 319). Likewise, a reviewing court "do[es] not make credibility determinations in evaluating the sufficiency of the evidence. *United States v. Owusu*, 199 F.3d 329, 344 (6th Cir. 2000); *see also*, *United States v. Bradley*, 444 U.S. 394, 424-425 (1980) ("It is for [jurors] and not for appellate courts to say that a particular witness spoke the truth or fabricated a cock-and-bull story."). It is the job of the jury, not this Court sitting on habeas review, to resolve conflicts in the evidence, and this Court must presume that the jury resolved those conflicts in favor of the prosecution. *See Jackson*, 443 U.S. at 326. As the Court has explained, "the only question under *Jackson* is whether [the jury's finding] was so insupportable as to fall below the threshold of bare rationality." *Coleman*, 132 S. Ct. at 2065. Under the amended version of § 2254(d)(1) a federal habeas court's review is "twice-deferential." *Parker v. Matthews*, 132 S. Ct. 2148, 2152 (2012) (per curiam). A state court's decision that the evidence satisfied the deferential *Jackson* standard is itself "entitled to considerable deference under AEDPA." *Coleman*, 132 S. Ct. at 2065; *see also, Cavazos*, 132 S. Ct. at 4.

   3. While a challenge to the sufficiency of the evidence on an established element of an offense raises a federal constitutional claim cognizable in a habeas corpus proceeding, "[t]he applicability of the reasonable doubt standard . . . has always been dependent on how a State defines the offense that is charged in any given case." *Patterson v. New York*, 432 U.S. 197, 211 n.12 (1977); *see also, Jackson*, 443 U.S. at 324 n.16; *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Thus, "under *Jackson*, federal courts must look to state law for 'the substantive elements of the criminal offense,' but the minimum amount of evidence that the Due Process Clause requires to

9

prove the offense is purely a matter of federal law." *Coleman*, 132 S. Ct. at 2064 (citation omitted) (quoting *Jackson*, 443 U.S. at 324 n.16).

4.  Michigan law provides that "[a]ny person who shall assault another with intent to commit the crime of murder, shall be guilty of a felony[.]" Mich. Comp. Laws § 750.83. Under this provision, "the crime of assault with intent to commit murder requires proof of three elements: '(1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing a murder.'" *Warren v. Smith*, 161 F.3d 358, 361 (6th Cir. 1998) (quoting *People v. Plummer*, 229 Mich. App. 293, 581 N.W.2d 753, 759 (1998); *People v. Hoffman*, 225 Mich. App. 103, 570 N.W.2d 146, 150 (1997)). As with other mental-state elements, intent to commit murder need not be proved by direct evidence, but rather may be proved by circumstantial evidence and reasonable inferences drawn from the evidence. *See Warren*, 161 F.3d at 360. "Furthermore, because it is difficult to prove a defendant's state of mind, minimal circumstantial evidence is sufficient." *Tucker v. Palmer*, 541 F.3d 652, 660 (6th Cir. 2008) (internal quotation omitted.).

5.  In the instant case, petitioner contends that because there was no "direct" evidence to support a finding that he shot at the two officers with the intent to kill, there was insufficient evidence to support his assault with the intent to murder convictions. Further, he argues that because it is "conceivable" that a fair-minded person could believe his claims that he was simply afraid and shot out of fear, the prosecution did not prove the second element of the crime.

6.  However, petitioner admitted to firing the gun. One of the officers saw the petitioner shoot at him and saw the muzzle flash from the gun as he did so. The second officer heard the shots from petitioner and felt a shot that missed his head by inches. The Michigan Court of Appeals properly noted: "[g]iven the proximity of defendant and the officers, the number of shots fired,

defendant's admission to the police that he was shooting at people he believed were chasing him . . . a rational trier of fact could have concluded that the defendant shot at the two officers with the intent to kill them." *People v. Washington*, No. 272989, 2007 WL 4179318, at *1-2, (Mich. Ct. App. Nov. 27, 2007.) Although petitioner contends that the evidence could have been found to support his version of the events, the jury clearly did not accept his version as they returned a guilty verdict after only five minutes of deliberation.

      7.      It is well established that "[t]he specific intent to kill may be proved by inference from any facts in evidence." *Warren*, 161 F.3d at 361 (internal quotation omitted). Specifically, and in addition to other factors, the Court "may take into consideration 'the nature of the defendant's acts constituting the assault . . . [and] whether the instrument and means used were naturally adapted to produce death [].'" *Id.* (quoting *People v. Taylor*, 422 Mich. 554, 375 N.W.2d 1, 8 (1985)). Here, petitioner admits to firing the gun at the two people that were chasing him. The nature of the assault provides circumstantial evidence that petitioner intended to kill the victim. *See Schneider v. Booker*, No. 2:10-CV-15017, 2012 WL 2804436, at *10 (E.D. Mich. July 10, 2012) (Steeh, J.) (petitioner's use of a heavy object to strike victim in the head supported a finding of premeditation for murder charge); *Johnson v. Hofbauer*, 159 F. Supp. 2d 582, 596 (E.D. Mich. 2001 (Tarnow, J.) (Citing *People v. Turner* 62 Mich. App. 467, 470, 233 N.W.2d 617, 619 (1975)) ("Use of a lethal weapon will support an inference of an intent to kill.").

      8.      Further, petitioner's act of firing a gun at the two officers multiple times and at close range is sufficient evidence from which the finder of fact could infer beyond a reasonable doubt that petitioner intended to kill the victim. *See People v. Taylor*, 133 Mich. App. 762, 765, 350 N.W.2d 318, 320 (1984) ("Defendant knowingly shot 28 rounds into a small house with a high powered rifle.

The trial court found that defendant did so with malice in that he intentionally shot into the house knowing that the natural tendency of his act was to cause death."); *see Johnigan v. Elo*, 207 F. Supp. 2d 599, 608 (E.D. Mich. 2002) (Steeh, J.).

  9. In short, as noted above, the *Jackson* standard does not permit "fine-grained factual parsing" of the evidence by a reviewing court, *Coleman*, 132 S. Ct. at 2064, nor does it permit this Court to reweigh the conflicts in the evidence or assess the credibility of witnesses. The jury was free to draw any reasonable inferences from the evidence, and to resolve the conflicts in the evidence in favor of the prosecution. In light of the first officer's testimony, corroborated by the testimony of the second officer, the jury's verdict was not "so insupportable as to fall below the threshold of bare rationality." *Coleman*, 132 S. Ct. at 2065. It follows that the rejection of petitioner's claim by the Michigan Court of Appeals and Michigan Supreme Court was reasonable, and that petitioner therefore is not entitled to habeas relief on this claim.

E. *Ineffective Assistance of Counsel*

  1. The Sixth Amendment right to counsel and the right to effective assistance of counsel protects the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id*. at 687. These two compnents are mixed questions of law and fact. *Id*. at 698. Further, "[t]there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."*Id*. at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be

12

followed." *Id*. With respect to the performance prong of the *Strickland* test, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id.* at 689.; *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695. It is petitioner's burden to establish the elements of his ineffective assistance of counsel claim. *See United States v. Pierce*, 63 F.3d 818, 833 (6th Cir. 1995). (petitioner bears the burden of establishing counsel's ineffectiveness); *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993) (same).

    2.    As the Supreme Court has recently explained, *Strickland* establishes a high burden that is difficult to meet, made more so when the deference required by § 2254 (d)(1) is applied to review a state court's application of *Strickland*:

> "Surmounting Strickland's high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. —, —, 130 S. Ct. 1473, 1485, 176 L.Ed.2d 284 (2010). An ineffective assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to cunsel is meant to serve. *Strickland*, 466 U.S., at 689-690, 104 S. Ct. 2052. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id*. at 689, 104 S. Ct. 2052; *see also Bell v. Cone*,

13

> 535 U.S. 685, 702, 122 S. Ct. 1843, 152 L.Ed.2d 914 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S. Ct. 838, 122 L.Ed.2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland,* 466 U.S., at 690, 104 S. Ct. 2052.
>
> Establishing that a state court's application of *Strickland* was unreasonable under § 2254 (d) is all the more difficult. The standards created by *Strickland* and § 2254 (d) are both "highly deferential," *id*., at 689, 104 S. Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7, 117 S. Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at —, 129 S. Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254 (d). When § 2254 (d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

*Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).

3.     With respect to appellate counsel, it is well established that "appellate counsel . . . need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citing *Jones v. Barnes*, 463 U.S. 745 (1983)). Although it is "possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, . . . it is difficult to demonstrate that counsel was incompetent." *Id*. As a general rule, it is "'only when ignored issues are clearly stronger than those presented [that] the presumption of effective assistance of counsel [can] be overcome.'" *Id*. (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). Further, in the appellate counsel context, to demonstrate prejudice petitioner must show a reasonable probability that his claims would have succeeded on appeal. *See id*. at 285-86; *Benning v. Warden*, 345 Fed. Appx. 149, 155-156 (6th Cir. 2009); *McCleese v. United States*, 75 F.3d 1174, 1180 (7th Cir. 1996).

4.     Petitioner claims that his appellate counsel was ineffective for failing to inform him of the exhaustion requirement for issues to be raised in federal habeas review. Petitioner contends

14

that this resulted in his not exhausting his sufficiency of evidence claim on direct appeal. However, petitioner did exhaust his sufficiency claim by raising it in his motion for relief from judgment and then appealing the trial court's decision all the way to the Michigan Supreme Court. Accordingly, petitioner did not suffer any prejudice from counsel's supposed failure to advise him during his appeal.

     5.     Petitioner's claim is that his appellate attorneys, both on the initial appeal and on the appeal after resentencing, were ineffective for failing to inform him of the exhaustion requirement of his sufficiency of evidence claim with regard to his pro se appeal to the Michigan Supreme Court. As the United States Supreme Court has explained, other than proceedings governed by the Sixth Amendment right to effective assistance of counsel, "the attorney is the petitioner's agent when acting or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (internal quotation omitted). An appeal to the Michigan Supreme Court is discretionary, and a defendant has no constitutional right to counsel in a discretionary appeal. *See Wainwright v. Torna*, 455 U.S. 586, 587 (1982) (per curiam); *Ross v. Moffitt*, 417 U.S. 600, 619 (1974). Thus, petitioner cannot establish that counsel was ineffective for failing to advise him to raise the sufficiency of evidence claim in his pro se discretionary appeal to the Michigan Supreme Court. *See Wainwright*, 455 U.S. at 587-88 (counsel's failure to file application for discretionary appeal cannot constitute ineffective assistance of counsel.) As already noted, petitioner was not prejudiced by this alleged failure because he did exhaust the sufficiency of evidence claim in subsequent proceedings.

     6.     Petitioner also claims that the state court improperly denied him an evidentiary hearing on his second claim. Nothing in the Constitution requires a state to establish a system of

postconviction review, and thus "an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." *Gee v. Groose*, 110 F.3d 1346, 1351-52 (8th Cir. 1997) (internal quotation omitted); *accord Dawson v. Snyder*, 988 F. Supp. 783, 826 (D. Del. 1997) (citing *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) and *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992)). As the Sixth Circuit has explained:

> [T]he Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review. *See Kirby v. Dutton*, 794 F.2d 245, 246-47 (6th Cir. 1986); *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002) . . . [C]laims challenging state collateral post-conviction proceedings "cannot be brought under the federal habeas corpus provision, 28 U.S.C. § 2254," because " 'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody.'" *Kirby*, 794 F.2d at 246 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973)); *see also Pennsylvania v. Finley*, 481 U.S. 551, 557, 107 S. Ct. 1990, 95 L.Ed.2d 539 (1987) ("States have no obligation to provide this avenue of relief, and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well." (citation omitted)). A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not "result [in] . . . release or a reduction in . . . time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention." *Kirby*, 794 F.2d at 247. "Through the ultimate goal in" a case alleging post-conviction error "is release from confinement, the result of habeas review of the specific issue[] ... is not in any way related to the confinement." *Id.* at 248. Accordingly, we have held repeatedly that "the scope of the writ [does not[ reach this second tier of complaints about deficiencies in state post-conviction proceedings," nothing that "the writ is not the proper means" to challenge "collateral matters" as opposed to "the underlying state conviction giving rise to the prisoner's incarceration." *Id.* at 248, 247; *see also Alley v. Bell*, 307 F.3d 380, 387 (6th Cir. 2002) ("error committed during state post-conviction proceedings can not [sic] provide a basis for federal habeas relief" (citing *Kirby*, 794 F.2d at 247)); *Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir. 2001) ("habeas corpus cannot be used to mount challenges to a state's scheme of post-conviction relief").

*Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007). Thus, the trial court's failure to hold an evidentiary hearing, even if erroneous under state law, does not entitle petitioner to habeas relief. *See Chaussard v. Fulcomer*, 816 F.2d 925, 932 (3d Cir. 1987); *Edwards v. State of Kansas*, 751 F.

Supp. 197, 199 (D. Kan. 1990). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

F.     *Recommendation Regarding Certificate of Appealability*

    1.     *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of

17

probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

    2.    *Analysis*

If the Court accepts my recommendation on the merits of petitioner's claims, the Court should also conclude that petitioner is not entitled to a certificate of appealability. Petitioner bases his petition on three grounds: there was insufficient evidence to support his conviction of assault with intent to commit murder, his appellate counsel failed to inform him of the exhaustion requirement in his second appeal of right after resentencing, and he was denied his due process right to a full and fair hearing where the trial court refused to hold an evidentiary hearing on his ineffective assistance of counsel claim.

Petitioner has not made a "substantial showing" of a denial of a constitutional right as to any of his claims. There was sufficient evidence to support petitioner's conviction of assault with intent to commit murder. Petitioner admits to shooting the gun at both police officers and one shot narrowly missed the head of one of the officers. The fact that the jury "could" have believed petitioner's version of the events does not establish that the evidence was insufficient to support a conviction. Petitioner's ineffective assistance of counsel claim is without merit because he did not have a Sixth Amendment right to counsel during his pro se discretionary appeal to the Michigan Supreme Court and he was not prejudiced because he did exhaust his sufficiency of evidence claim in a later proceeding. Finally, petitioner's final claim is not cognizable for habeas relief because there is no constitutional right to a Ginther hearing. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

G. *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ Paul J. Komives<br>PAUL J. KOMIVES<br>UNITED STATES MAGISTRATE JUDGE

Dated: July 1, 2013

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Thoms Washington and Counsel of Record on this date.

Dated: July 1, 2013           s/ Lisa C. Bartlett
                              Case Manager